IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNIVERSAL BEAUTY PRODUCTS, INC.   )
   )
       Plaintiff,   )     Civil Action No.
   )
v.   )     Judge:
   )
MAXIM BEAUTY PRODUCTS, INC.   )
   )
       Defendant.   )

## COMPLAINT

Plaintiff Universal Beauty Products, Inc, by and through its undersigned counsel, for its complaint against Defendant Maxim Beauty Products, Inc, states as follows:

### Nature of the Action

1. This is an action for trade dress infringement and unfair competition arising under the Lanham Act, 15 U.S.C. §§1125 *et seq*., and violation of the Illinois Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq*.

### The Parties

2. Plaintiff is an Illinois corporation having its principal place of business located at 500 Wall Street, Glendale Heights, Illinois 60139.

3. Upon information and belief, Defendant is an Illinois corporation with a principal place of business at 880 Woodstream Court, Lake Forest, Illinois 60045.

### Jurisdiction and Venue

4. This Court has personal jurisdiction over the Defendant because Defendant is a corporation duly organized and existing under the laws of the State of Illinois, and transacts business in Illinois.

5.   This Court has jurisdiction over the subject matter of this case under  15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391.

### Plaintiff's Trade Dress

7.   Plaintiff is engaged in the business of manufacturing and selling certain hair bond glue product known as SALON PRO 30 SEC SUPER HAIR BOND GLUE ("Salon Pro").

8.   Plaintiff markets and sells Salon Pro in Illinois and throughout the United States.

9.   In connection with the marketing, advertising and promotion of Salon Pro, Plaintiff has developed a distinctive appearance for Salon Pro incorporating the following unique and non-functional elements ("Salon Pro Trade Dress"):

- A 30ml plastic bottle having a cylinder shaped body and a red colored pointed twist cap;

- The bottle painted left half in blue and the right half in red; and

- Plaintiff's registered design mark "30 SEC" (U.S. Trademark Registration No.77353754).

Below image depicts the Salon Pro Trade Dress.



10. Plaintiff invested significant time and money developing such unique combination of colors and the overall appearance of Salon Pro, and continuously utilized the Salon Pro Trade Dress in marketing, promoting and sale of Salon Pro product over the years.

11. By virtue of these efforts, consuming public recognize Salon Pro Trade Dress and identify Plaintiff as the source of origin. Salon Pro Trade Dress has achieved significant secondary meaning.

## **Defendant's Unlawful Conducts**

12. In early February 2017, Plaintiff became aware that Defendant was marketing and selling its own hair bond glue products utilizing a confusingly similar imitation of Plaintiff's Salon Pro Trade Dress.

13. As illustrated below, Defendant virtually copied Salon Pro Trade Dress and Defendant's hair bond glue product was appearing almost identical to Plaintiff's Salon Pro (one on the left is Defendant's product and one on the right is Plaintiff's Salon Pro).



14. Plaintiff's Salon Pro hair bond glue product featuring the Salon Pro Trade Dress was introduced and offered for sale in the market before the Defendant's infringing and competing product.

15. Therefore, on February 10, 2017, Plaintiff demanded Defendant to immediately cease and desist from copying and using the Salon Pro Trade Dress as it will confuse and mislead consumers into believing that Defendant's product originates from Plaintiff or there is some affiliation or relationship between Plaintiff and Defendant. A copy of Plaintiff's Cease and Desist Demand is attached hereto as Exhibit 1.

16. On April 5, 2017, Defendant responded to Plaintiff that it will no longer use such similar packaging. Defendant also informed that all remaining packaging materials have been destroyed and indicated change of the overall appearance of Defendant's hair bond glue product. A copy of Defendant's response is attached hereto as Exhibit 2.

17. Thereafter, upon information and belief, Defendant made some modifications to the packaging design for its product.

18. However, Defendant did not change, and its product continues to incorporate and feature, the most unique and distinguishable aspect of the Salon Pro Trade Dress which general public readily recognize and tie Plaintiff as the source of origin: 30ml plastic bottle having cylinder shaped body and a red colored pointed twist cap.

19. In addition, Defendant commenced to market such products at retail stores by displaying them in a box containing a phrase "30 SECOND HAIR GLUE."

20. An example of Defendant's display of its product at a retail store is shown in the picture below. Products in the plastic container are Plaintiff's Salon Pro and the ones in the cardboard box are Defendant's products.



21. As depicted in the picture above, Defendant's product and Salon Pro appear

    indistinguishable.

22. Defendant's product that bears the most unique feature of Salon Pro Trade Dress and

    presented to purchasers in a box having a phrase "30 SECOND HAIR" appears

    confusingly similar and is likely to deceive, confuse and mislead purchasers into

    believing that Defendant's product is actually Plaintiff's Salon Pro 30 SEC Hair Bond

    Glue.

23. The products sold by Defendant are similar to and compete with Plaintiff's Salon Pro, and

    they are sold through overlapping channels of trade.

24. Defendant's use of confusingly similar imitation of Salon Pro Trade Dress and the way

    Defendant displays its infringing product, is likely to deceive, confuse and mislead

    purchasers into believing that hair bond glue sold by Defendant is manufactured by,

    authorized by or in some manner associated with Plaintiff.

25. The likelihood of confusion, mistake and deception engendered by Defendant's

    misappropriation of Plaintiff's trade dress is causing irreparable harm to the good will and

    reputation for quality that Salon Pro Trade Dress embody.

26. Upon information and belief, Defendant engaged in such unlawful activities knowingly and willfully with an intent to take advantage and capitalize on Plaintiff's good will and reputation.

### Count I
(Federal Trade Dress Infringement (15 U.S.C. § 1125(a))

27. Plaintiff restates and realleges Paragraphs 1 through 26 above as if fully set forth herein.

28. Because of Plaintiff's continuous use of its distinctive Salon Pro Trade Dress in connection with the marketing and sale of Salon Pro, the relevant public has come to associate Plaintiff as the source of origin.

29. Defendant's use of confusingly similar imitations of Plaintiff's Salon Pro Trade Dress has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff.

30. Defendant knew, or should have known that its adoption and use of the Salon Pro Trade Dress in connection with the sale and marketing of its hair bond glue product would cause confusion, mistake, or deception among purchaser, users and the public.

31. Upon information and belief, Defendant knew and was aware of Plaintiff's use of the Salon Pro Trade Dress, and by adopting, commencing to use, and continuing to use the Salon Pro Trade Dress, Defendant intended to and did induce consumers to purchase its hair bond glue product by trading off the goodwill build up by Plaintiff in its Salon Pro Trade Dress.

32. Upon information and belief, the foregoing conduct by Defendant has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive in disregard to Plaintiff's rights.

33. Defendant's such wrongful acts have caused, and will continue to cause serious and irreparable injury for which Plaintiff has no adequate remedy at law.

## Count II
(Federal Unfair Competition(15 U.S.C. § 1125(a))

34. Plaintiff restates and realleges Paragraphs 1 through 33 above as if fully set forth herein.

35. Defendant's actions as alleged herein constitute use of a false designation of origin. Defendant's conduct creates a likelihood of confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's product by Plaintiff.

36. Defendant's conduct is without Plaintiff's permission or authority.

37. Upon information and belief, Defendant had actual knowledge of Plaintiff's senior rights in its designs.

38. Upon information and belief, Defendant has willfully, deliberately, and maliciously engaged in the acts described herein with an intent to injure Plaintiff and deceive the public.

39. Defendant's such wrongful acts have caused, and will continue to cause serious and irreparable injury for which Plaintiff has no adequate remedy at law.

## Count III
(Violation of the Illinois Deceptive Trade Practices Act (815 ILCS §§ 510/1 *et seq.*))

40. Plaintiff restates and realleges Paragraphs 1 through 39 above as if fully set forth herein.

41. Defendant has violated the Illinois Deceptive Trade Practices Act by passing off its goods as those of Plaintiff, by causing a likelihood of confusion or of misunderstanding among the public as to the source, sponsorship, approval or certification of its goods, and/or by causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with Plaintiff, to the detriment of Plaintiff.

42. Defendant's such wrongful acts have caused, and will continue to cause serious and irreparable injury for which Plaintiff has no adequate remedy at law.

**WHEREFORE, Plaintiff respectfully requests**:

A. that Defendant be found to have willfully infringed Plaintiff Salon Pro Trade Dress and willfully engaged in unfair competition and deceptive trade practices;

B. the issuance of a permanent injunction enjoining Defendant and all of its agents, officers, employees, representatives, assigns, and all other persons acting for, with, by, or through authority of Defendant from (i) further infringement with respect to Plaintiff's trade dress for any of Plaintiff's products, and (ii) further unfair competition and deceptive trade practices with respect to Plaintiff;

C. that Defendant be ordered to recall and destroy all products bearing the Salon Pro Trade Dress or any other confusingly similar variation thereof, which have been shipped by Defendant to any wholesaler, distributor, or retailer;

D. that Defendant be compelled to account to Plaintiff for any and all profits derived by Defendant from the sale or distribution of infringing product as described in this Complaint;

E.  that Plaintiff be awarded all damages caused by the acts of forming the basis of this

    Complaint including punitive damages, attorneys fees and costs due to the willful nature

    of Defendant's conduct; and

F.  such other relief as the Court may deem just and reasonable.


                                            Respectfully Submitted,

                                          /s/ Byung H. Whang
                                          Byung H. Whang
                                          Attorney for Plaintiff
                                          B.H. Whang and Associates, Ltd.
                                          1100 Hicks Road
                                          Rolling Meadows, IL 60008
                                          847-517-3696
                                          Atty No. 6288702
                                          brian@bhwhang.com