# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNIVERSAL BEAUTY PRODUCTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 4840 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| MAXIM BEAUTY PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This two-and-a-half-year-old case is about small plastic bottles of hair bond glue with red caps. The plaintiff's bottles had a blue and red label with a white number 30 (for 30 seconds) and the brand name, SalonPro, in yellow. The defendant's bottles had a blue and red label with a white number 30 and the brand name, Maxim, in yellow. Plaintiff claimed these were confusingly similar, and sued defendant for trade dress infringement, unfair competition, and deceptive trade practices on June 28, 2017. [Dkt. # 1].

Not much happened over the next year. As it turned out defendant's sales were minimal [Dkt. # 22, ¶. 4] and so the case may not have been worth much. The parties wisely moved for a stay of discovery to avoid "undu[e] burden[]" to themselves and "an unnecessary drain on the court's resources", and asked that the case be referred to a magistrate judge for a settlement conference. [Dkt. # 22, ¶. 4]. On September 13, 2018, I held a settlement conference with the parties and their counsel and, by all appearances, efforts that day were successful. I entered the following order:

> The case is settled. The court wishes to express its appreciation to Byung Hui Whang of BH Whang & Associates, Ltd, counsel for the plaintiff, and Robert Rigg and John Burke of Vedder Price P.C., counsel for defendant. That a settlement was reached is attributable to the sensitivity and flexibility of counsel. Their conduct proves that lawyers can act civilly and courteously in their dealings with opposing counsel without sacrificing in the slightest the obligations they owe to their clients. All matters relating to the referral having been accomplished, the referral is closed and the case returned to Judge Norgle.

[Dkt. # 28].

But perhaps that praise was overly effusive. The "settlement" didn't even last a month, with defendant filing a motion to enforce the "settlement" before Judge Norgle on October 10, 2018. [Dkt. # 29].[1] Now, plaintiff's counsel is charging defendants with negotiating in bad faith. [Dkt. # 47], and defense counsel is charging plaintiffs with fraud and deceit. [Dkt. # 50]. So much for "sensitivity and flexibility" and acting "civilly and courteously." Since the settlement fell apart, the parties have consented to proceed before me and their case has been reassigned here on September 16, 2019. So, the motion to enforce the oral settlement is now before me.

Unfortunately, the parties didn't put the terms of their "settlement" on the record, which is the standard practice. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490–91 (7th Cir. 2002). But, as their submissions show, they don't really dispute what they agreed to at the settlement conference. [Dkt. ##47-1, ¶. 5; 50, at 2-3]. Oral agreements to settle a case are enforceable under Illinois law if they aren't contingent on a written agreement, *Love v. Illinois Bell*, 210 F. App'x 516, 518 (7th Cir. 2006); *Lampe v. O'Toole*, 292 Ill. App. 3d 144, 147 (1997), and if they don't violate the statute of

---

[1] Judge Norgle initially denied the defendant's motion without prejudice on June 4, 2019, because he felt there were unresolved issues that necessitated an evidentiary hearing. [Dkt. # 45]. Later, on July 19th, Judge Norlge changed his mind, saying that he had "taken the issue of the necessity of an evidentiary hearing under advisement" and had not yet determined whether an evidentiary hearing was necessary. [Dkt. #54].

frauds. *Lynch*, 279 F.3d at 490. This oral agreement – as its terms are expressed in the parties' submissions – fails on the former count.[2]

As it happens, the parties agree that they had to memorialize the terms of their oral agreement in writing, with plaintiff's counsel preparing the initial draft for review. That's generally the reason parties don't bother to put their agreement on the record, and that certainly appears to have been the case here. According to the parties' submissions, *once* the written agreement was completed and executed, *only then* would defendant pay plaintiff a certain sum, within one week of the execution of that written agreement. [Dkt. ##47-1, ¶. 5; 50, at 2-3]. As the parties frame the terms of their oral agreement, only then would a number of other obligations fall into place, like dismissal of the lawsuit, covenant not to sue under certain conditions, and mutual releases. [Dkt. ##47-1, ¶. 5; 50, at 2-3]. As no obligations would arise until there was a written agreement, the settlement was clearly contingent on there being a written agreement. The written agreement triggered every other obligation. It was a "condition precedent to the agreement's completion." *Mancuso v. Danfoss, Inc.*, 6 F. App'x 391, 395 (7th Cir. 2001); *see also Goldstein v. Solucorp Indus., Ltd.*, 2017 WL 1078739,

---

[2] And perhaps the latter count as well. 740 ICSA 80/1 ("No action shall be brought . . . . upon any agreement that is not to be performed within the space of one year from the making thereof . . . ."). Moreover, under the statute of frauds, Illinois courts, and courts in this district, have held that:

> When parties reach a settlement agreement during a court-mandated settlement conference conducted in the judge's chambers and state the terms of that agreement in the judge's presence, there is no danger of enforcement of a contract which was, in fact, never made. This is so even if no transcript or written order memorializing the agreement is prepared on the date the agreement is reached. The possibility of fraud is negated in that the trial judge can, as here, resolve any disputes as to whether an agreement was in fact reached or the content of that agreement.

*Rose v. Mavrakis*, 343 Ill. App. 3d 1086, 1097 (2003). *See also Locasto v. Locasto*, 518 F. Supp. 2d 1025, 1030 (N.D. Ill. 2007).

at *7 (S.D.N.Y. Feb. 10, 2017)("... an oral settlement agreement is not binding where material provisions of the settlement agreement are contingent on its execution.").[3]

Accordingly, the defendant's "Motion to Enforce Oral Settlement Agreement" [Dkt. #46] is denied. Status hearing set for 1/29/20 at 8:30 a.m., at which time the parties should be prepared to discuss discovery scheduling and case management up to and including trial. *See* Fed.R. Civ.P. 16; 26(f); Local Rule 16.1 Standing Order Establishing Pretrial Procedure.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/22/20

---

[3] Without the parties having gone on record, all that exists to determine whether they contemplated an executed writing before the settlement would be binding is their submissions on this motion. Both those submissions make payment, release, covenant not to sue, etc., contingent on the execution of a written agreement. *Cf. Ice Glass Prints Fla., LLC v. Surprize LLC*, No. 08CV5284, 2010 WL 1702195, at *7 (N.D. Ill. Apr. 27, 2010) (Magistrate judge's recollections and record proved oral agreement); *Singleton v. Amita Health*, No. 17 C 4514, 2018 WL 7050842, at *6 (N.D. Ill. Sept. 25, 2018)("While the parties here planned to memorialize their settlement in a signed agreement ([short of] some ]language for the confidentiality provision and the covenant not to sue that would be sent to [counsel] after the hearing), these terms were nevertheless stated with sufficient specificity during the . . . hearing."). Neither side asks for an evidentiary hearing so, again, the denial of the defendant's motion is based on the parties' submissions alone. *See Hakim v. Payco-Gen. Am. Credits, Inc*., 272 F.3d 932, 935 (7th Cir. 2001)("'If ... a court can have reasonable confidence that it knows what the contract means, it ought not put the litigants (and the trier of fact) to the bother, expense, and uncertainty of a trial or other evidentiary hearing.'").